UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                                       :
UNITED STATES OF AMERICA,              :          19cr130 (DLC)
                                                       :
           -v-                                :          MEMORANDUM OPINION
                                                       :               AND ORDER
CHADRICK HALL,                            :
                   Defendant.          :
---------------------------------------- X

APPEARANCES:

For the Government:
Ni Qian
Jason Swergold
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

For the Defendant:
Patrick Joyce
The Law Offices of Patrick Joyce
70 Lafayette Street, 2nd Floor
New York, NY 10013

DENISE COTE, District Judge:

    On September 4, 2019, defendant Chadrick Hall was convicted, following a jury trial, of distribution and possession with intent to distribute crack cocaine on January 23, 2019, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).[1]

---

[1] Hall was acquitted on a second count, brought under the same statute, for distribution alleged to have occurred on February 28, 2019.

Hall moves for a judgment of acquittal pursuant to Rule 29(c), Fed. R. Crim. P., or in the alternative for a new trial pursuant to Rule 33, Fed. R. Crim. P. The motion is denied.

## **Background**

The trial evidence, taken in the light most favorable to the Government, established the following. On the night of January 23, 2019, NYPD Captain Chase Maneri conducted surveillance from the rooftop of a building in the Bronx, New York. Through binoculars, Captain Maneri saw the defendant standing across the street in front of the entrance to a building, 3125 Park Avenue. After ten or fifteen minutes, Hall walked a distance and met up with two other men.

Captain Maneri observed Hall and the two other men as they turned onto a walkway between two buildings. The two men handed the defendant what appeared to be money. Hall reached into the front of his pants and removed something. He then dropped an object into the waiting hand of each man. After the men walked away, Hall placed the object back into his pants and made a waddling motion as he repositioned the object in his groin area. Captain Maneri testified that, based on his experience, he believed Hall and the two men had completed a hand-to-hand drug transaction.

2

Hall then walked back to the entrance of 3125 Park Avenue. After five or ten minutes, Hall returned to the walkway where the prior transaction occurred. This time, a woman was waiting for Hall. Captain Maneri then observed a very similar series of events: Hall received what appeared to be money, removed something from his pants, and dropped an object into the woman's hand.

Believing that he had observed another hand-to-hand drug transaction, Captain Maneri then instructed nearby officers on the street to arrest both Hall and the female buyer. At the precinct, a small pinkish-orange plastic bag containing a hard, white substance was seized from the female buyer. Captain Maneri also found, in the fold of Hall's underwear, a large ziplock bag containing nineteen small plastic bags identical to the one seized from the female buyer. The substance inside all twenty plastic bags later tested positive for crack cocaine. Hall was also carrying $295 in cash in small bills.

Defense counsel indicated by letter on October 17, 2019, that he anticipated filing a Rule 29 motion. Rule 29(c)(1) requires that such a motion be made within fourteen days of a guilty verdict. But by an Order of October 22, the defendant's

3

time to file a Rule 29 motion was extended to January 10, 2020.[2] The motion was filed on that date and became fully submitted on January 31.

## Discussion

Rule 29 permits a defendant to move for a judgment of acquittal on the basis of insufficiency of the evidence. Fed. R. Crim. P. 29(a), (c). A judgment of acquittal should only be entered if the court concludes that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Serrano, 856 F.3d 210, 211 n.2 (2d Cir. 2017) (citation omitted); see also United States v. Ng Lap Seng, 934 F.3d 110, 130 (2d Cir. 2019) (A court "may reverse a guilty verdict only if evidence that the defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." (citation omitted)). A defendant who challenges the sufficiency of the evidence to support his conviction bears a "very heavy burden." United States v. Calderon, 944 F.3d 72, 85 (2d Cir. 2019) (citation omitted). In deciding such a motion, the court must "view the

---

[2] No such extension was sought or granted concerning a Rule 33 motion for a new trial, which also must be filed within fourteen days of the verdict, unless based on newly discovered evidence. Fed. R. Crim. P. 33(b)(2). Accordingly, defendant's Rule 33 motion is untimely. The Court nonetheless reaches the merits of that motion, as doing so does not change the result.

evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." United States v. Babilonia, 854 F.3d 163, 174 (2d Cir. 2017) (citation omitted). The evidence is considered "in its totality, not in isolation, and the government need not negate every theory of innocence." United States v. Aguiar, 737 F.3d 251, 264 (2d Cir. 2013) (citation omitted). Under Rule 29, a district court must affirm the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Khalil, 857 F.3d 137, 139 (2d Cir. 2017) (citation omitted).

Rule 33 authorizes a district court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial may be granted only "sparingly and in the most extraordinary circumstances, and only in order to avert a perceived miscarriage of justice." United States v. Gramins, 939 F.3d 429, 444 (2d Cir. 2019) (citation omitted). The motion should not be granted unless "letting a guilty verdict stand would be a manifest injustice." Id. (citation omitted).

The defendant argues that there was insufficient evidence for the jury to find that he had the specific intent to distribute a controlled substance. The jury was charged, in relevant part, that in order to find the defendant guilty, the Government had to prove the following elements beyond a reasonable doubt:

> First, that on or about January 23, 2019, the defendant distributed, or possessed with intent to distribute, a controlled substance. . . . .
>
> Second, that the distribution or possession with intent to distribute was done intentionally and knowingly.

The jury was further instructed that "'distribution' means the actual, constructive, or attempted transfer or delivery of a controlled substance." And, "Possession with intent to distribute requires that the defendant possessed a controlled substance with the specific intent to distribute it. Thus, intent to distribute means the state of mind or purpose to transfer the controlled substance to another person."

There exists ample evidence from which a reasonable jury could -- and this jury did -- find proof beyond a reasonable doubt that Hall distributed, and possessed with intent to distribute, a controlled substance. Captain Maneri's eyewitness testimony was consistent with his conclusion that the defendant completed two hand-to-hand drug transactions on the night of

6

January 23.  When Hall was searched, the NYPD found that he possessed nineteen small bags of crack cocaine, along with a significant amount of cash in small bills.  A search of the female buyer found that she had a small bag of cocaine identical to those possessed by Hall.  Based on this evidence, a rational jury could have found that Hall had the specific intent to distribute the controlled substance in his possession, and that he in fact knowingly and intentionally engaged in such distribution.

Accordingly, Hall has not carried the "heavy burden" necessary to succeed on a Rule 29 motion.  For the same reasons, there is no "manifest injustice" that justifies a new trial under Rule 33.

## Conclusion

Hall's January 10, 2020 motion for a judgment of acquittal, or in the alternative for a new trial, is denied.

Dated:  New York, New York
        February 13, 2020

_____
DENISE COTE
United States District Judge