```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
                                    :
 UNITED STATES OF AMERICA           :
                                    :
                                    :         19cr130 (DLC)
           -v-                      :
                                    :            ORDER
 CHADRICK HALL,                     :
                                    :
                      Defendant.    :
                                    :
----------------------------------- X
```

DENISE COTE, District Judge:

On September 4, 2019, a jury convicted Chadrick Hall of distribution or possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  Hall was sentenced on March 3, 2020, principally to 18 months' imprisonment.  On March 11, Hall filed a notice of appeal concerning his conviction and sentence.  That appeal remains pending, with Hall's opening brief due on September 14.  Hall is presently 29 years old and imprisoned at the Metropolitan Detention Center ("MDC").  The Bureau of Prisons ("BOP") projects that he will be released in November 2020.

On April 6, 2020, Hall submitted a request to the warden of the MDC that he be released or have his sentence reduced under 18 U.S.C. § 3582(c)(1)(A).  The warden denied Hall's request on April 19.  On July 1, Hall moved this Court to modify or reduce

his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 16, the Government opposed Hall's motion.

This court currently lacks jurisdiction to modify Hall's sentence. "A notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989) (citation omitted). Consequently, a district court cannot grant a compassionate release motion while a defendant's appeal of the sentence imposed remains pending. United States v. Valencia, No. 15cr163 (AT), 2020 WL 1974233, at *1 (S.D.N.Y. Apr. 24, 2020); United States v. Martin, No. 18cr834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020). Rule 37, Fed. R. Crim. P., provides that in such a scenario, the district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Having considered the merits, neither a deferral nor an indicative ruling is called for; Hall's application is denied. Pursuant to 18 U.S.C. § 3582 (c)(1)(A), Hall's sentence may be reduced if, after consideration of the 18 U.S.C. § 3553(a) factors, a court finds that "extraordinary and compelling

reasons" warrant such a reduction.  Hall has not demonstrated the he meets the conditions set forth in § 3582 (c)(1)(A) or that consideration of the § 3553(a) factors supports his application.

Hall's petition rests largely on his history of asthma. When Hall was interviewed by the Probation Department prior to his sentence, Hall reported that his health was good and that he had recently received a physical with no issues or concerns. During his September 2019 health screen with the BOP, Hall reported that he had childhood asthma but "grew out of" it and had last used an inhaler over ten years ago.  In a July 2020 visit with a BOP medical provider, Hall reported that he had experienced wheezing in April and May.  During this visit, Hall was prescribed an albuterol inhaler.  Hall's very mild history of asthma is insufficient to show that he faces meaningfully higher risk from COVID-19 or that the BOP cannot adequately address his health condition during this pandemic.[1]

---

[1] See Centers for Disease Control and Prevention, COVID-19: People with Moderate to Severe Asthma (Apr. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html ("People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19."); Mayo Clinic, Asthma: Diagnosis & Treatment (June 4, 2020),  https://www.mayoclinic.org/diseases-conditions/asthma/diagnosis-treatment/drc-20369660 (moderate asthma indicated by "[s]ymptoms once a day and more than one night a week").

Nor does a broader consideration of the § 3553(a) factors support Hall's request for release. As set forth during the March 3 sentencing proceeding, Hall was arrested three times within the space of three months, each time with distribution quantities of crack cocaine. During one of these arrests, Hall was in possession of a loaded handgun. The United States Sentencing Guidelines called for a sentence in the range of 21-27 months. Hall's repeated arrests showed that a term of imprisonment was necessary for adequate deterrence. The Court also considered the fact that, at other times in his life, Hall has shown himself capable of having a positive impact on his community.

The sentence of 18 months was a downward variance and was imposed after consideration of the § 3553(a) factors. Hall has not shown that a further reduction in sentence is warranted. Accordingly, Hall's motion does not provide an extraordinary and compelling reason for his early release. It is hereby

ORDERED that Hall's July 1, 2020 motion pursuant to § 3582(c)(1)(A) is denied.

Dated:   New York, New York
         July 24, 2020

                                    _____
                                    DENISE COTE
                                    United States District Judge